UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| JESSE JACKSON, Individually and For Others Similarly Situated, | Case No. |
| v. | JURY TRIAL DEMANDED |
| AMERICAN ELECTRONIC WARFARE ASSOCIATES, INC. | COLLECTIVE/CLASS ACTION |

# COMPLAINT

## SUMMARY

1. American Electronic Warfare Associates, Inc. (AMEWAS) failed to pay Jesse Jackson (Jackson) and other workers like him, overtime as required by the Fair Labor Standards Act (FLSA); by Maryland Wage and Hour Law, Md. Code Ann., Lab. & Empl. §§ 3-401, et seq. (hereinafter, "MWHL"); or all wages owed for work performed before the termination of his employment, as required by Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl., . §§ 3-501, et seq. (hereinafter "MWPCL").

2. Instead, AMEWAS paid Jackson and other workers like him the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3. Jackson brings this action on behalf of himself and other similarly situated workers who were paid by AMEWAS's "straight time for overtime" system.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5. Discretionary supplemental jurisdiction of Plaintiff's Maryland state law claims is provided by 28 U.S.C. § 1367(a); the state law claims form part of the same case or controversy and derive from the common nucleus of operative facts on which Jackson's federal claims are based.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## THE PARTIES

7. Plaintiff Jackson is an adult resident of Hampton, Virginia.

8. Jackson's consent to be a party Plaintiff is attached as <u>Exhibit A.</u>

9. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former employees of AMEWAS during the past 3 years who were paid straight time for overtime (the "Putative Class Members").**

10. Pursuant to Rule 23, the class of employees Jackson seeks to represent under MWHL is defined as:

> **All current and former employees of AMEWAS during the past 3 years who were paid straight time for overtime in violation of MWHL (the "MWHL Class").**

11. Pursuant to Rule 23, the class of employees Jackson seeks to represent under MWPCL is defined as:

> **All former employees of AMEWAS during the past 3 years who were paid straight time for overtime in violation of MWPCL (the "MWPCL Class").**

12. Defendant AMEWAS is an aerospace and electronics defense company.

13. AMEWAS's United States headquarters are in the city of California, Maryland, in this District.

14. AMEWAS may be served with process by serving its registered agent, Charles L. Jeffries, 46660 Corporate Drive Ste 101, Lexington Park, MD 20653.

## COVERAGE UNDER THE FLSA, MWHL, AND MWPCL

15. At all times hereinafter mentioned, AMEWAS was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d), of the MWHL, Md. Code Ann., Lab. & Empl. § 3-401(b), and of the MWPLC, Md. Code Ann., Lab. & Empl. § 3-501(b).

16. At all times hereinafter mentioned, AMEWAS was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

17. At all times hereinafter mentioned, AMEWAS was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

18. AMEWAS has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or were produced for commerce, such as software and electronics.

19. At all times hereinafter mentioned, Jackson and all others similarly situated were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## THE FACTS

20. AMEWAS provides staffing solutions to projects ranging from engineering, power industry, oil and gas, and infrastructure and buildings.

21. In order to provide services to its clients, AMEWAS hires employees it pays on an hourly basis.

22. Jackson worked for AMEWAS as an Engineer III.

23. Jackson was initially paid $33.13 an hour for every approved hour worked; at the time of his separation from AMEWAS, Jackson was paid $39.80 for every approved hour worked.

24. Jackson was employed by AMEWAS from approximately February 2015 to approximately September 2021.

25. Jackson was an hourly employee of AMEWAS.

26. Jackson was not paid a guaranteed salary.

27. Jackson was staffed by AMEWAS to the Electromagnetic Environmental Effects division and performed work for the Department of Defense, in Maryland.

28. Jackson reported the hours he worked to AMEWAS on a regular basis.

29. If Jackson worked under 40 hours, he was only paid for the hours he worked.

30. But Jackson would regularly work more than 40 hours in a week.

31. In fact, Jackson routinely worked 50 or more hours a week.

32. The hours Jackson worked are reflected in AMEWAS's payroll records.

33. AMEWAS paid Jackson the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

34. AMEWAS did not pay Jackson overtime for all hours worked in excess of 40 hours in a single workweek.

35. Rather than receiving time and half as required by the FLSA, MWHL, and MWPCL, Jackson only received "straight time" pay for overtime hours worked.

36. This "straight time for overtime" payment scheme violates the FLSA, MWHL, and MWPCL.

37. AMEWAS was aware of the overtime and wage payment requirements of the FLSA, MWHL, and MWPCL.

38. AMEWAS nonetheless failed to pay certain hourly employees, such as Jackson, overtime, and thereby also failed to pay all wages owed.

39. Jackson and the Putative Class Members perform job duties in furtherance of the aerospace, engineering, project management, and defense industry business sectors and are subjected to similar compensation practices.

40. Jackson and the Putative Class Members also worked similar hours and were denied overtime, and thereby denied payment of all wages due to them, because of the same illegal pay practice.

41. Jackson and the Putative Class Members regularly worked in excess of 40 hours each week.

42. AMEWAS did not pay Jackson and the Putative Class Members on a salary basis.

43. AMEWAS paid Jackson and the Putative Class Members "straight time for overtime."

44. AMEWAS failed to pay Jackson and the Putative Class Members overtime for hours worked in excess of 40 hours in a single workweek.

45. AMEWAS failed to pay Jackson and the Putative Class members all wages owed at the termination of employment.

46. AMEWAS knew, or acted with reckless disregard for whether, Jackson and the Putative Class Members were paid in accordance with the FLSA, MWHL, and MWPCL.

47. AMEWAS's failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA, MWHL, and MWPCL.

### FLSA COLLECTIVE ACTION ALLEGATIONS

48. The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All current and former employees of AMEWAS during the past 3 years who were paid straight time for overtime.**

49. Jackson seeks conditional and final certification of this Putative Class in this collective action under 29 U.S.C. § 216(b).

50. The illegal pay practices AMEWAS imposed on Jackson were imposed on the Putative Class Members.

51. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

52. Numerous other individuals who worked with Jackson were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by federal wage laws.

53. Based on his experiences and tenure with AMEWAS, Jackson is aware that AMEWAS's illegal practices were imposed on the Putative Class Members.

54. The Putative Class Members were not paid overtime when they worked more than 40 hours per week.

55. AMEWAS's failure to pay overtime at the rates required by federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

56. Jackson's experiences are therefore typical of the experiences of the Putative Class Members.

57. The specific job titles or precise job locations of the various members of the Putative Class Members do not prevent collective treatment.

58. Jackson has no interests contrary to, or in conflict with, the Putative Class Members.

59. Like each Putative Class Member, Jackson has an interest in obtaining the unpaid overtime wages owed under governing law.

60. The precise size and the identity of other Putative Class Members is ascertainable from the business records, tax records, and/or employee or personnel records maintained by AMEWAS.

61. A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

62. Absent a collective action, many Putative Class Members will not obtain redress of their injuries and AMEWAS will reap the unjust benefits of violating the FLSA.

63. Furthermore, even if some Putative Class Members could afford individual litigation against AMEWAS, it would be unduly burdensome to the judicial system.

64. If individual actions were required to be brought by each Putative Class Member, it would necessarily result in a multiplicity of lawsuits and would create hardship to Putative Class Members, to AMEWAS, and to the Court.

65. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the Putative Class Members and provide for judicial consistency.

66. The questions of law and fact common to each of Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

   a. Whether AMEWAS required Jackson and the Putative Class Members to work more than 40 hours during individual work weeks;

   b. Whether AMEWAS's decision to pay Jackson and the Putative Class Members straight time for overtime was made in good faith;

   c. Whether AMEWAS paid Jackson and the Putative Class Members on a salary basis;

      d.      Whether AMEWAS failed to pay Jackson and the Putative Class Members at a rate of one and one-half times their regular rate of pay when they worked more than 40 hours in a single workweek;

      e.      Whether AMEWAS's violation of the FLSA was willful; and

      f.      Whether AMEWAS's illegal pay practices were applied to Jackson and the Putative Class Members.

67. Jackson and the Putative Class Members sustained damages arising out of AMEWAS's illegal and uniform employment policy.

68. Jackson knows of no difficulty that will be encountered in the management of this litigation that would preclude his ability to go forward as a collective action.

69. Jackson will fairly and adequately represent and protect the interests of the Putative Class Members.

70. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

### CLASS ACTION ALLEGATIONS UNDER MARYLAND WAGE LAWS

71. All foregoing paragraphs are incorporated herein by reference.

72. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Jackson brings this action on behalf of himself and other current and former AMEWAS employees who were staffed to the Department of Defense and were subject to the following practices and policies:

73. Denial of overtime wages under MWHL for hours worked over forty (40) in a single workweek; and

74. Denial of all wages owed to Jackson and other similarly situated employees at the termination of their employment, in violation of the MWPCL.

75. The classes Jackson seeks to represent are defined as:

**All current and former employees of AMEWAS during the past 3 years who were paid straight time for overtime in violation of MWHL (the "MWHL Class").**

and,

**All former employees of AMEWAS during the past 3 years who were paid straight time for overtime in violation of MWPCL (the "MWPCL Class").**

76. Numerosity: The individuals in the class are sufficiently numerous that joinder of all members is impracticable. Although the precise number of such individuals is currently unknown, the class includes dozens of employees who are readily identifiable through AMEWAS's pay records. Upon information and belief AMEWAS employed dozens of individuals across the state of Maryland who were paid in the same or similar manner as Plaintiff.

77. Commonality: There are questions of law and fact common to the classes. Among the common questions of law and fact applicable to Jackson and the classes are:

   i. Whether the MWHL Class is similarly situated because they were subject to AMEWAS's common policy and practice of paying straight time for overtime;

   ii. Whether AMEWAS employed the MWHL Class within the meaning of MWHL;

   iii. Whether AMEWAS violated MWHL by failing to pay Jackson and the MWHL Class overtime compensation for hours worked in excess of forty (40) hours per workweek;

   iv. Whether AMEWAS's violations of MWHL were willful;

   v. Whether AMEWAS employed the MWPCL Class within the meaning of the MWPCL;

  vi. Whether AMEWAS failed to provide Jackson and other members of the MWPCL Class with all wages due at the time their employment ended, in violation of the MWPCL;

  vii. Whether AMEWAS's violations of MWPCL were willful; and

  viii. Whether AMEWAS is liable for damages claimed herein, including but not limited to, compensatory, liquidated or treble, statutory, interest, costs and attorneys' fees.

78. **Typicality**: Jackson's claims are typical of those of the classes. Specifically, each and every class member of both the MWHL Class and the MWPCL Class was employed by AMEWAS, and was required to work well over forty (40) hours per workweek. Each class member was paid an hourly wage, regardless of whether the class member worked over forty (40) hours per week. Every member of the MWPCL Class failed to receive all wages owed to them at the end of their employment. As a result, every class member suffered the same harm.

79. **Adequacy**: Jackson will fully and adequately protect the interests of the classes. He seeks the same recovery as the classes, predicated upon the same violations of law and the same damage theory. Jackson has also retained counsel who are qualified and experienced in the prosecution of wage and hour class and collective actions. Neither Jackson nor his counsel have interests that are contrary to, or conflicting with, the interests of the classes.

80. **Predominance**: The common issues of law and fact predominate over any individual issues. Each class member's claim is controlled by Maryland's wage and hour statutory scheme and one set of facts. This is based on AMEWAS's failure to pay overtime as required by MWHL and its subsequent failure to pay all wages due at the end of an individual's employment, as required by the MWPCL. Similarly, the damages are eminently certifiable in that AMEWAS's records will provide the

amount and frequency each class member was paid as well as the amount of time each class member worked.

81. This action is maintainable as a class action. The prosecution of separate actions by individual members of the classes would create a risk of inconsistent or varying adjudications with respect to individual members of the classes. This would establish incompatible standards of conduct for AMEWAS. If they were to pursue their claims separately, the numerous adjudications that would be required to protect the individual interests of the class members would constitute a considerable drain and burden on judicial resources.

82. Accordingly, the Court should certify the proposed classes.

**CAUSE OF ACTION, COUNT I: VIOLATION OF FLSA OVERTIME PROVISIONS AS TO JACKSON AND PUTATIVE CLASS MEMBERS**

83. Jackson hereby fully incorporates in this Count all allegations contained within the instant Complaint.

84. By failing to pay Jackson and the Putative Class Members overtime at one-and-one-half times their regular rates, AMEWAS violated the overtime provisions of the FLSA.

85. AMEWAS owes Jackson and the Putative Class Members overtime pay at the proper overtime rate.

86. Because AMEWAS knew, or showed reckless disregard for whether, its pay practices violated the FLSA, AMEWAS owes these wages for at least the past three years.

87. AMEWAS is liable to Jackson and the Putative Class Members for an amount equal to all unpaid overtime wages as liquidated damages.

88. Jackson and the Putative Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

**CAUSE OF ACTION, COUNT II: VIOLATION OF MWHL OVERTIME PROVISIONS AS TO JACKSON AND ALL MWHL CLASS MEMBERS.**

89. Jackson hereby fully incorporates in this Count all allegations contained within the instant Complaint.

90. Pursuant to Maryland Labor and Employment Code Ann. § 3-415, each employer shall pay an overtime wage of at least one and one half (1.5) times the regular hourly rate.

91. Pursuant to Maryland Labor and Employment Code Ann. § 3-420(a), an employer shall compute the wage for overtime under § 3-415 on the basis of each hour over forty (40) that an employee works during one (1) workweek.

92. Jackson and the MWHL class have not received proper compensation from AMEWAS reflecting the prescribed overtime wage rate for hours worked in excess of forty (40) in a week.

93. AMEWAS willfully and intentionally failed to compensate Jackson for the overtime wages he is owed, as well as failing to compensate the MWHL class members for the overtime wages they are owed.

94. All members of the MWHL Class are similarly situated to Plaintiff and have suffered the same harm as a result of the same policies and practices complained of in this Complaint.

**CAUSE OF ACTION, COUNT III: VIOLATION OF MWPCL PAYMENT PROVISIONS AS TO JACKSON AND ALL MWPCL CLASS MEMBERS.**

95. Jackson hereby fully incorporates in this Count all allegations contained within the instant Complaint.

96. Jackson is entitled to wages under the Maryland Wage Payment and Collection Law, Md. Code Ann., Lab. & Empl. §§3-501 et seq., which provides that each employer shall pay an

employee all wages due for work that the employee performed before the end of employment, on or before the day on which the employee would have otherwise been paid the wages.

97. In accordance with §3-505(a), Jackson has not received compensation from AMEWAS for all wages owed for work performed before the termination of his employment. This is specific to AMEWAS's failure to pay Jackson the overtime wages that he is entitled to. Members of the MWPCL Class also failed to receive their overtime wages.

98. AMEWAS willfully and intentionally did not compensate Jackson or the members of the MWPCL Class for the wages owed to them and continued to violate the MWPCL, even after Jackson informed AMEWAS of the violation.

99. All members of the MWPCL Class are similarly situated to Jackson and have suffered the same harm as a result of the same policies and practices complained of in this Complaint.

## JURY DEMAND

100. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Jackson demands a Jury trial.

## PRAYER

101. Jackson, on behalf of himself and others similarly situated, prays for relief as follows:

   a. In accordance with 29 U.S.C. § 216(b), designation of this action as a collective action on behalf of Jackson and those similarly situated;

   b. In accordance with Rule 23 of the Federal Rules of Civil Procedure, designation of this action as a Maryland state law class action on behalf of Jackson and all members of the proposed classes;

c. Ordering AMEWAS to disclose in computer format, or in print if no computer readable format is available, the names, addresses and emails of all those individuals who are similarly situated and permitting Jackson to send notice of this action to all those similarly situated individuals;

d. Designating the named Jackson to act as class representative on behalf of all similarly situated employees for both the FLSA Collective class and the Maryland state law classes;

e. Judgment against AMEWAS for its failure to pay Jackson, those similarly situated and all those appropriately joined to this matter in accordance with the standards set forth by the FLSA;

f. Judgment against AMEWAS for its failure to pay Jackson, the members of the MWHL Class and all those appropriately joined to this matter in accordance with the standards set forth by MWHL;

g. Judgment against AMEWAS for its failure to pay Jackson, the members of the MWPCL Class, and all those appropriately joined to this matter in accordance with the standards set forth by the MWPCL;

h. Judgment against AMEWAS and classifying its conduct as willful and not in good faith;

i. Judgment against AMEWAS and classifying Jackson and the Classes as non-exempt employees entitled to protection under the FLSA, MWHL and the MWPCL;

j. An award against AMEWAS for the amount of unpaid overtime wages owed to Jackson, members of the Collective, members of the state Classes, and all those appropriately joined to this matter calculated at a rate that is not less than

14

       one and a half (1.5) times Jackson's and other class members' respective regular hourly rate for all overtime hours worked;

k. An award of liquidated or trebled damages equal to, or double, the total amounts of unpaid wages owed to Jackson, members of the Collective, members of the classes, and all those appropriately joined to this matter, whichever is deemed just and equitable by this Honorable Court;

l. An award of reasonable attorneys' fees and all costs, plus pre-judgment and post-judgment interest, to be satisfied in full by AMEWAS;

m. An award of such other and further relief as may be necessary and appropriate.

Dated: June 14, 2022                                   Respectfully submitted,

/s/ Nicholas A. Migliaccio
Nicholas A. Migliaccio
(Maryland Federal Bar No. 29077)
Jason S. Rathod
(Maryland Federal Bar No. 18424)
MIGLIACCIO & RATHOD LLP
412 H St. NE, Suite 302,
Washington D.C. 20002
(202) 470-3520 – Telephone
(202) 800-2730 – Fax
nmigliaccio@classlawdc.com
jrathod@classlawdc.com

Michael A. Josephson *
Andrew W. Dunlap *
Alyssa J. White *
JOSEPHSON DUNLAP, LLP
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com

awhite@mybackwages.com

AND

Richard J. (Rex) Burch *
BRUCKNER BURCH, PLLC
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS IN CHARGE FOR PLAINTIFF**

* *pro hac vice* admission may be sought

# EXHIBIT A

**FAIR LABOR STANDARDS ACT EMPLOYMENT SERVICES CONSENT**

Print Name: Jesse Jackson

1. I hereby consent to make a claim against AMEWAS to pursue my claims of unpaid overtime during the time that I worked with the company.

2. I designate the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC as my attorneys to prosecute and make decisions concerning my wage claims, the manner and method of conducting this litigation, the entering of an agreement with Plaintiffs' counsel concerning attorneys' fees and costs, and all other matters pertaining to this lawsuit.

3. I authorize the law firm and attorneys at JOSEPHSON DUNLAP, LLP and BRUCKNER BURCH PLLC to use this consent to file my claim in a separate lawsuit, class/collective action, or arbitration against AMEWAS.

4. I understand that, by filing this Consent Form, I will be bound by the Judgment of the Court or arbitrator on all issues in this case.

Signature: *Jesse Jackson*
Jesse Jackson (Feb 24, 2022 18:35 EST)

Date Signed: Feb 24, 2022